**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DigiBlaze Technologies, Inc.,

Plaintiff,

v.

Compass Bank,

Defendant.

Civil No. 01-910 (DWF/AJB)

**ORDER**

---

Norman J. Baer, Esq., and Mark D. Wisser, Esq., Anthony Ostlund & Baer, 90 Seventh Street South, Minneapolis, MN 55402, counsel for Plaintiff.

David R. Crosby, Esq., Leonard Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, and J. Russell Campbell, Esq., and Gregory C. Cook, Esq., Balch & Bingham, P.O. Box 306, Birmingham, AL 35201, counsel for Defendant.

---

This matter is before the Court on Plaintiff's Appeal from a portion of the November 21, 2001, Order of Magistrate Arthur J. Boylan.[1] In the November 21, 2001, Order, Magistrate Judge Boylan recommended that the Court deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or for Improper Venue, but Magistrate Judge Boylan granted the Defendant's Motion to Transfer based on 28 U.S.C. § 1404(a).

Neither party has objected to those portions of the Magistrate Judge's Order pertaining to dispositive motions which would be subject to *de novo* review. Accordingly, with respect to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or for Improper Venue, the

---

[1] Magistrate Judge Boylan's Order is styled as a Report and Recommendation, but the Plaintiff concedes that the motion before Magistrate Judge Boylan which is the subject of the request for review–the Defendant's Motion to Transfer Venue–is a non-dispositive motion. Accordingly, the Court reviews that portion of the Magistrate Judge's Order only for a clear error of law.

FILED FEB 06 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Court adopts the Report and Recommendation of the Magistrate Judge. Those motions are, thus, denied.

With respect to the one issue on review, the Magistrate Judge's determination that transfer pursuant to 28 U.S.C. § 1404(a) is appropriate, the Court finds that this determination is neither clearly erroneous nor contrary to law. The Magistrate Judge's ruling is supported by the arguments and evidence presented in the Defendant's original pleadings and at the hearing before the Magistrate Judge; contrary to Plaintiff's contention, the Magistrate Judge's ruling does not depend entirely upon argument and evidence presented in Defendant's reply brief (which was stricken from the record). Moreover, the Magistrate Judge's ruling demonstrates an appropriate weighing of the equities and the factors relevant to a § 1404(a) analysis. *See generally Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The Magistrate Judge's decision is particularly appropriate in light of the decision by the Northern District of Alabama–in which the companion to this lawsuit is proceeding–to deny DigiBlaze's motion, there, to dismiss, stay or transfer venue to Minnesota. Given that ruling, the Alabama action will proceed regardless of whether this Court retains jurisdiction over the instant lawsuit. It is simply vastly inefficient–to the parties, the courts, and the potential witnesses–to allow both actions to proceed in tandem. The Court finds that Magistrate Judge Boylan's decision to transfer venue is neither clearly erroneous nor contrary to law, and the Court affirms that decision in all respects.

Accordingly, the Court hereby enters the following:

**ORDER**

1. Plaintiff's Motion for Review of the Magistrate Judge's Order (Doc. No. 23) is **DENIED**;

2. The Report and Recommendation of Magistrate Judge Arthur J. Boylan (Doc. No. 21) is **ADOPTED** as to the dispositive issues and **AFFIRMED** as to the non-dispositive issues.

3. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue or, in the Alternative, to Transfer Venue (Doc. No. 7) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue is **DENIED**; and

b. Defendant's Motion to Transfer Venue is **GRANTED**.

Dated: February 6, 2002

DONOVAN W. FRANK
Judge of United States District Court